IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY R. HOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1164-L |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Kerry Holden seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse the SSA's decision and remand for further proceedings.

I.    BACKGROUND

Ms. Holden requested insurance benefits based on an alleged disability, and the SSA denied relief. Administrative Record at pp. 39-40, 64-66 (certified Nov. 27, 2007) ("Rec."). A hearing took place,[1] and an administrative law judge found that Ms. Holden was not

---

[1]    *See* Rec. at pp. 184-228.

disabled.[2] The Appeals Council declined jurisdiction,[3] and the present action followed with a claim involving error in the consideration of a treating physician's opinion.[4]

II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This determination is possible only when the SSA's findings are sufficient for meaningful judicial review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without findings "supported by specific weighing of the evidence," the court could not "assess whether relevant evidence adequately support[ed]" the administrative law judge's ultimate conclusion).

---

[2]   Rec. at pp. 12-20.

[3]   Rec. at pp. 4-6.

[4]   Ms. Holden also alleges error:

- in the evaluation of a medical expert's opinion,
- in the assessment of residual functional capacity,
- at step five, and
- in the credibility analysis.

The Court need not address these allegations in light of the suggested reversal on other grounds. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

III.    THE ADMINISTRATIVE LAW JUDGE'S EVALUATION OF DR. KANG'S OPINIONS

As alleged by Ms. Holden, the administrative law judge erred in the evaluation of Dr. Bobby Kang's opinions.

    A.    <u>Evaluation of a Treating Physician's Opinions</u>

An administrative law judge must follow a specific process when he assesses a treating source's opinion. First, the judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the judge can decline to give controlling weight to the opinion. *See id.* At that point, the administrative law judge must weigh the opinion based on multiple factors. *See id.* These factors include:

- the length of the treatment and the frequency of examination,

- the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed,

- the degree to which the physician's opinion is supported by relevant evidence,

- the consistency between the opinion and the record as a whole,

- the possible specialization in the area upon which an opinion is rendered, and

- the existence of other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.

*See id.* If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

B.   The Administrative Law Judge's Assessment of Dr. Kang's Opinions

Dr. Kang has treated the Plaintiff since June 2006. *See* Rec. at pp. 172-74, 176-79. In March 2007, the doctor completed a functional capacity questionnaire, which stated in part that Ms. Holden:

- suffered from severe, constant lower back pain and frequent, daily muscle spasms which interfered with her ability to pay attention and concentrate,
- had difficulty standing, bending, and walking,
- could sit for less than two hours in an eight-hour work-day, and
- could stand or walk for less than two hours in an eight-hour work-day.

*Id.* at pp. 176-78.

The administrative law judge acknowledged the questionnaire, but ultimately gave the assessment "little weight" and found no sitting limitations and an ability to stand or walk for about six hours in an eight-hour work-day. *Id.* at 18. The judge reasoned that Dr. Kang's opinions had been:

- offered as an "act of courtesy" to the Plaintiff,
- unsupported by the doctor's treatment records, and
- inconsistent with other evidence.

*Id.* These rationales constituted error.

4

First, the judge had no evidence to support his characterization of the opinions as a mere "courtesy" to the Plaintiff. In this circuit, an administrative law judge cannot assume advocacy rather than impartiality when a treating doctor expresses opinions.[5] The administrative law judge had no evidentiary basis to regard Dr. Kang as an "advocate" willing to slant his opinions in favor of Ms. Holden as a "courtesy" for her.

The Tenth Circuit Court of Appeals addressed this issue in *Langley v. Barnhart*, 373 F.3d 1116 (10th Cir. 2004). There the administrative law judge had rejected a medical opinion, stating: "I find [the treating physician's] account of the claimant's limitations to be more an act of courtesy to a patient, rather than a genuine medical assessment of discrete functional limitations based upon clinically established pathologies." *Id*. at 1121, 1122. The appeals court deemed the rationale insufficient because nothing in the physician's report had indicated that it was being offered "out of courtesy." The court explained: "'[A]n [administrative law judge] may not make speculative inferences from medical reports and may [not] reject a treating physician's opinion . . . *due to his or her own credibility judgments, speculation or lay opinion*.'" *Id*. at 1121 (citation omitted; emphasis in original).

The administrative law judge embraced the same rationale, using almost identical words to give "little weight" to Dr. Kang's opinion.[6] But Dr. Kang's report did not indicate

---

[5]   *See McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) ("We held years ago that an [administrative law judge's] assertion that a family doctor naturally advocates his patient's cause is not a good reason to reject his opinion as a treating physician." (citation omitted)).

[6]   *See* Rec. at p. 18 ("The undersigned finds [Dr. Kang's] account of claimant's limitations to be more an act of courtesy to a patient rather than a genuine medical assessment of discrete functional limitations based upon clinically established pathologies.").

5

that it had been offered "as a courtesy" to Ms. Holden and the judge improperly arrived at this assessment through speculation.

Second, the judge could not reasonably view Dr. Kang's opinions as unsupported by his records. In June 2006, the Plaintiff complained of neck, back, and chest pain, and Dr. Kang concluded that Ms. Holden suffered from "chronic pain." Rec. at p. 174. One month later, Dr. Kang stated that he was treating Ms. Holden for her "chronic pain condition" and that she suffered from "restricted [range of motion]" and "paravertebral muscle spasms." *Id*. at p. 173. In November 2006, Dr. Kang saw Ms. Holden for her chronic back pain and prescribed a pain reliever and a muscle relaxer. *Id.* at p. 172. Dr. Kang's treatment records did not appear to conflict with his opinions on Ms. Holden's functional limitations. The administrative law judge did not identify any of the supposed inconsistencies, and the Defendant does not even attempt to justify this rationale.

Third, the administrative law judge reasoned that Dr. Kang's opinions were inconsistent with other evidence, but did not identify the inconsistencies. Without knowing what the judge thought was inconsistent, the Court cannot assess his rationale in any meaningful way.

Again, the Tenth Circuit Court of Appeals addressed a similar issue in *Langley v. Barnhart*, 373 F.3d 1116, 1122 (10th Cir. 2004). There the administrative law judge failed to identify the alleged inconsistencies, leading the Tenth Circuit to conclude that his reasons for rejecting the treating doctor's opinion were not "'sufficiently specific' to enable this court

to meaningfully review his findings." *Id.* at 1123. The same rationale applies here, as the administrative law judge failed to specify the evidence that was inconsistent with Dr. Kang's opinions. Rec. at pp. 12-20.

The Defendant disregards the administrative law judge's actual reasoning. Instead, the Commissioner focuses on one observation by Dr. Kang on July 21, 2006, when he said that Ms. Holden had a "markedly restricted [range of motion] and paravertebral muscle spasms." *Id.* at p. 173. According to the Defendant, the observation was ambiguous because Dr. Kang did not identify the "body part" and did not say what he meant by "markedly." These rationales are invalid because they represent *post-hoc* justifications[7] and any ambiguities would have required the administrative law judge to re-contact Dr. Kang for clarification[8] rather than simply discount the opinion.

The administrative law judge gave three reasons to reject Dr. Kang's opinions, and none was sufficiently specific and supportable under the record. Accordingly, the Court should reverse and remand for further administrative proceedings.

---

[7] *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)).

[8] The pertinent regulation provides: "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved . . . ." 20 C.F.R. § 404.1512(e)(1).

IV.	NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is August 6, 2008. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.	STATUS OF THE REFERRAL

The referral is terminated.

Entered this 16th day of July, 2008.

*[signature: Robert E. Bacharach]*

Robert E. Bacharach
United States Magistrate Judge